# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| KEVIN R. STINE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Docket no. 2:16-cv-109-GZS |
| | ) |
| BANK OF AMERICA, N.A., et al. | ) |
| | ) |
| | ) |
| Defendants. | ) |

### ORDER ON DEFENDANTS' MOTIONS TO DISMISS

Before the Court is the Motion to Dismiss the Amended Complaint with Incorporated Memorandum of Law filed by Defendant Bank of America, N.A. ("BANA") (ECF No. 23) and the Motion to Dismiss as to Counts III, V, VII, and VIII, with Incorporated Memorandum of Law filed by Defendant Bayview Loan Servicing, LLC ("Bayview") (ECF No. 24).  For the reasons explained herein, the Court GRANTS the Motions.

**I.    LEGAL STANDARD**

The Federal Rules of Civil Procedure require only that a complaint contain "a short and plain statement of the grounds for the court's jurisdiction . . . a short and plain statement of the claim showing that the pleader is entitled to relief; and a demand for the relief sought."  Fed. R. Civ. P. 8(a)(1)-(3).  The Court assumes the truth of the complaint's well-pleaded facts and draws all reasonable inferences in the plaintiff's favor.  Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012).  Under Rule 12(b)(6), the Court "may consider only facts and documents that are part of or incorporated into the complaint."  United Auto., Aerospace, Agric. Implement Workers of Am. Int'l Union v. Fortuno, 633 F.3d 37, 39 (1st Cir. 2011) (internal quotation omitted).

A viable complaint need not proffer "heightened fact pleading of specifics," but in order to survive a motion to dismiss it must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering a motion to dismiss, the Court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Plaintiffs must include enough facts supporting a claim for relief that "nudge[] their claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570. At this point in the litigation, "the determination of whether an issue is trialworthy simply is not the same as the determination of whether a plaintiff states a claim upon which relief can be granted." Bodman v. Maine, Dep't of Health & Human Servs., 720 F. Supp. 2d 115, 121 (D. Me. 2010). However, "[i]f the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011) (internal quotation omitted); see also Iqbal, 556 U.S. at 678 (stating that a court need not accept "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements"). In short, a plaintiff must plead facts indicating "more than a sheer *possibility* that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (emphasis added).

## II.   FACTUAL BACKGROUND

For the purposes of the Motions to Dismiss, the Court considers the facts as alleged in Plaintiff's First Amended Complaint (ECF No. 17) (the "Complaint or "Compl."), in addition to the mortgage, note, and mortgage assignments.[1]

---

[1] The Court may consider the note, mortgage, and mortgage assignments because these documents are referenced in the Complaint, Plaintiff's factual allegations are dependent on these documents, and neither side challenges their authenticity. See Trans-Spec Truck Serv., Inc. v. Caterpillar Inc., 524 F.3d 315, 321 (1st Cir. 2008).

On May 3, 2006, Plaintiff Kevin R. Stine and his now deceased wife executed a promissory note and a residential mortgage on their home in South Berwick, Maine, in favor of lender American Residential Mortgage. (Compl. ¶ 6; BANA Mot. to Dismiss, Exs. A, B (ECF Nos. 23-1, 23-2).) The mortgage purported to convey the property to Mortgage Electronic Registration Systems, Inc. (MERS) as nominee for the lender and the lender's successors and assigns. (Compl. ¶ 7; BANA Mot. to Dismiss, Ex. B.) On December 30, 2011, MERS executed an assignment transferring the mortgage to BANA. (Compl. ¶ 9.) On December 19, 2013, BANA commenced a foreclosure action on the property in state court. (Compl. ¶ 12.) During the pendency of the foreclosure action, BANA became aware of issues with its ability to foreclose the property raised by the Maine Supreme Judicial Court's decision in Bank of Am., N.A. v. Greenleaf, 96 A.3d 700 (Me. 2014). (Compl. ¶ 13.) During the time that BANA serviced the mortgage, it denied Plaintiff's attempts to modify the mortgage or to sell the property by short sale. (Compl. ¶¶ 22-24.) On June 11, 2015, BANA executed an assignment transferring the mortgage to Bayview. (Compl. ¶ 10.) Plaintiff subsequently received a "debt validation letter" from Bayview.[2] (Compl. ¶ 15.) Plaintiff filed the present litigation in the Superior Court of the State of Maine in York County; the suit was removed to this Court based on the Plaintiff's claims involving federal law. (See Notice of Removal (ECF No. 1).)

## III.   DISCUSSION

The Complaint contains eight separate claims, seven against both Defendants and one solely against Bayview: violation of the Real Estate Settlement Procedures Act (RESPA) as to

---

[2] Plaintiff responded with a letter disputing the debt. (Compl. ¶ 16.) Plaintiff's assertions that this correspondence constituted a "qualified written request" under the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. §§ 2601-2617 (RESPA) and that Bayview failed to respond to the correspondence are not germane to this decision because Bayview has not moved to dismiss Plaintiff's claims involving RESPA and Plaintiff concedes that these claims do not apply to BANA, see infra at 5.

3

Defendant Bayview (Count I); breach of contract (Count II); violation of the federal Fair Debt Collection Practices Act (FDCPA) (Count III); intentional misrepresentation (Count IV); fraud by concealment (Count V); violation of the Maine Unfair Trade Practices Act (UTPA) (Count VI); unjust enrichment (Count VII); and slander of title (Count VIII).  Defendant BANA seeks dismissal of all counts against it and Defendant Bayview seeks the dismissal of Counts III, V, VII, and VIII.  For the reasons set forth below, the Court GRANTS the Defendants' motions, dismisses all counts against Defendant BANA, and dismisses Counts III, V, VII, and VIII against Defendant Bayview.

### A.     Count II: Breach of Contract

Plaintiff alleges in Count II that Defendant BANA breached the terms of the mortgage contract, specifically the provision defining "applicable law" as "all controlling applicable federal, state and local" law, by (1) seeking to enforce the terms of the contract against Plaintiff "[d]espite not having the authority to enforce the terms of the mortgage"; (2) failing to provide "accurate, complete or true information" to Plaintiff; and (3) failing to perform certain obligations pursuant to the Home Affordable Modification Program (HAMP) and the Making Home Affordable Program (MHA).  (Compl. ¶¶ 34-46.)  Under Maine law, the elements of a breach of contract claim are: a) breach of a material contract term; b) causation; and c) damages.  Me. Energy Recovery Co. v. United Steel Structures, Inc., 724 A.2d 1248, 1250 (Me. 1999).

Plaintiff has failed to plead a plausible breach of contract claim against BANA for several reasons.  First, Plaintiff's allegation that BANA breached the contract by seeking to enforce its terms is too conclusory to support a plausible claim.  Plaintiff does not identify how BANA's actions in this regard caused him damages, especially considering that BANA has purported to transfer all beneficial interest under the mortgage to Bayview and is likely no longer attempting to

4

collect from Plaintiff.³  Second, Plaintiff's allegations that BANA failed to provide "accurate, complete or true information" are also too conclusory to support a plausible claim because Plaintiff does not identify what information BANA failed to provide or how any failure constituted a material breach of the mortgage contract—Plaintiff concedes that BANA is not responsible for any alleged violations of RESPA.  (See Pl.'s Resp. in Opp'n to BANA Mot. to Dismiss (ECF No. 26) at 4.)  Finally, Plaintiff's allegations that BANA failed to meets its obligations under the HAMP/MHA program is unavailing.  These programs do not create a private right of action, see MacKenzie v. Flagstar Bank, FSB, 738 F.3d 486, 491-92 (1st Cir. 2013), and Plaintiff cannot bring suit through a "backdoor" by characterizing BANA's alleged failures to comply with program requirements as violations of very general language in the mortgage contract.⁴

      The Court GRANTS BANA's motion as to Count II and dismisses the breach of contract count against BANA.

---

³ Although Plaintiff states that BANA brought a foreclosure action in 2013, he does not assert in this Count that the foreclosure action is ongoing and/or resulted in damages.  In fact, BANA attached to its motion a stipulation of dismissal of the foreclosure action that appears to have been entered in state court.  (See BANA Mot. to Dismiss, Ex. E (ECF No. 23-5).)  The Court considers this document from related proceedings in state court because Plaintiff does not challenge its authenticity and it is central to Plaintiff's breach of contract claim.  See Shapiro v. Haenn, 190 F. Supp. 2d 64, 66 (D. Me. 2002).

⁴ Plaintiff also asserts a laundry list of ways in which BANA breached the contract by "fail[ing] to take proper, reasonable, and required steps."  (See Compl. ¶ 73.)  However, Plaintiff does not connect the purported failures not involving RESPA to any breach of a material contract term.  To the extent that Plaintiff is relying on any general fiduciary duty on BANA's part, it is well-established that, absent special circumstances not present here, there is no general fiduciary duty on the part of a mortgagee to a mortgagor in Maine.  See Oceanic Inn, Inc. v. Sloan's Cove, LLC, 133 A.3d 1021, 1028 (Me. 2016) ("In the absence of specific facts sufficient to support the elements of a fiduciary relationship, a mortgagee . . . does not owe a fiduciary duty to the mortgagor.").

### B. Count III: Fair Debt Collection Practices Act

Plaintiff alleges in Count III that both Defendants violated the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p. (Compl. ¶¶ 76-86.)[5] "To establish an individual defendant's liability for FDCPA purposes, a plaintiff must first establish that the defendant is a 'debt collector.'" Som v. Daniels Law Offices, P.C., 573 F. Supp. 2d 349, 356 (D. Mass. 2008); see also Sheriff v. Gillie, 136 S. Ct. 1594, 1597-98 (2016) (explaining that the Act regulates "debt collectors"). The Act defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, *debts owed or due or asserted to be owed or due another*." 15 U.S.C. § 1692a(6) (emphasis added). "Creditors are generally not liable under the FDCPA when collecting on their own accounts . . . ." Chiang v. Verizon New Eng. Inc., 595 F.3d 26, 29 (1st Cir. 2010). Putting aside the question of whether enforcing a security interest counts as collection of debt, "[t]he FDCPA applies to people and organizations that collect debts on behalf of others." Chiang v. MBNA, No. 06-CV-12258-PBS, 2007 WL 2399185, at *1 (D. Mass. Oct. 10, 2007).

Plaintiff has not pleaded facts indicating that either BANA or Bayview are "debt collectors" within the meaning of the Act. He has not pleaded facts to establish that any "collection" action either entity took to enforce its purported, successive beneficial interest in the mortgage was for another entity, rather than for itself, and he has not pleaded facts indicating that

---

[5] Plaintiff specifically pleads that BANA and Bayview violated 15 U.S.C. § 1692g(b), which concerns a debt collector's obligation to respond to a debtor's letter disputing the debt. (See Compl. at PageID # 218.) Plaintiff also generally alleges that the Defendants violated the Act by making false representations and assessing erroneous charges. (Compl. ¶¶ 81-83.) To the extent that Plaintiff is asserting violations of the Maine Fair Debt Collection Practices Act, 32 M.R.S.A. §§ 11001-11054, the Court's analysis is unchanged. See Cota v. U.S. Bank Nat'l Ass'n, No. 2:15-CV-486-GZS, 2016 WL 922784, at *4 (D. Me. Mar. 10, 2016).

6

debt collection is the principal purpose of either entity. (See Compl. ¶¶ 9-15); see also Henson v. Santander Consumer USA, Inc., 817 F.3d 131, 135-36 (4th Cir. 2016) ("With limited exceptions, a debt collector [] collects debt on behalf of a creditor. A creditor, on the other hand, is a person to whom the debt is owed, and when a creditor collects its debt for its own account, it is not generally acting as a debt collector.") For this reason, the Court GRANTS both Defendants' motions as to Count III and dismisses the debt collection practices count against both Defendants.[6]

### C.     Counts IV and V: Intentional Misrepresentation and Fraud by Concealment

The Court considers these counts together because both involve variants of fraud. Plaintiff alleges in Count IV that the Defendants "have made certain false representations of material facts which are the actual amount in principal and interest owed under the Plaintiff's mortgage, the amount of prohibited charges assessed to Plaintiff . . . the errors and omissions contained in Plaintiff's mortgage which have not been fixed or properly accounted for, and the amounts assessed against Plaintiff's mortgage by [Defendants] to which they are not entitled." (Compl. ¶ 88.) Plaintiff alleges in Count V that the Defendants "concealed and continue[] to conceal from Plaintiff material information by failing to provide Plaintiff with signed copies of the closing documents; and owner's policy of title insurance; the appraisal; the land/survey inspection report; answers to requests for documents; answers to complaint letters; truthful and accurate annual 1098 mortgage interest statements; who is the true owner of the mortgage loan; and truthful and accurate statements of accounts." (Compl. ¶ 103.)

---

[6] The Court has previously noted that some courts have determined that a loan servicer who takes on debt after it is in default may be a "debt collector." See Cota, 2016 WL 922784, at *4. However, the Court is persuaded by the emerging view that whether an entity collects for itself or for another entity controls the "debt collector" determination rather than the timing of any default. See Henson v. Santander Consumer USA, Inc., 817 F.3d 131, 135-36 (4th Cir. 2016); Davidson v. Capital One Bank (USA), N.A., 797 F.3d 1309, 1315-16 (11th Cir. 2015).

Under Maine law, the elements of an intentional misrepresentation claim are: (1) the making of a false representation; (2) of a material fact; (3) with knowledge of its falsity or in reckless disregard of whether it is true or false; (4) for the purpose of inducing another to act or to refrain from acting in reliance on it; and (5) the other person justifiably relies on the representation as true and acts upon it to the damage of the plaintiff. Drilling & Blasting Rock Specialists, Inc. v. Rheaume, 2016 ME 131, ¶ 17, --- A.3d ---.  The elements of a fraudulent concealment claim are: (1) a failure to disclose; (2) a material fact; (3) where a legal or equitable duty to disclose exists; (4) with the intention of inducing another to act or to refrain from acting in reliance on the non-disclosure; and (5) which is in fact relied upon to the aggrieved party's detriment. Picher v. Roman Catholic Bishop of Portland (Picher I), 974 A.2d 286, 295 (Me. 2009).

Both claims are subject to the more rigorous pleading standards for fraud. See Fed. R. Civ. P. 9(b) ("[A] party must state with particularity the circumstances constituting fraud or mistake."); N. Am. Catholic Educ. Programming Found., Inc. v. Cardinale, 567 F.3d 8, 13 (1st Cir. 2009) ("Rule 9(b)'s heightened pleading standard applies to state law fraud claims asserted in federal court."); see also Picher v. Roman Catholic Bishop of Portland (Picher II), 82 A.3d 101, 102 (Me. 2013) (noting that fraud claims in Maine are subject to the heightened pleading standard).  Rule 9(b) requires that the plaintiff "specify the time, place, and content" of an alleged fraudulent representation or action. United States ex rel. Rost v. Pfizer, Inc., 507 F.3d 720, 731 (1st Cir. 2007), overruling in part recognized by United States ex rel. Wilson v. Bristol-Myers Squibb, Inc., 750 F.3d 111, 113-14 (1st Cir. 2014) (internal quotation omitted).  In addition to pleading facts establishing the "who, what, where, and when" of the alleged fraud, Rule 9(b) also requires that the plaintiff plead a "basis for inferring scienter." Cardinale, 567 F.3d at 13.

Plaintiff has failed to "specify the time, place, and content" of the alleged false representations and has failed to allege facts providing a basis for the inference that BANA or Bayview were reckless in making the false representations, or knew of their falsity, and that they intended to induce Plaintiff to act in reliance on their misrepresentations or omissions. See Enercon v. Glob. Comput. Supplies, Inc., 675 F. Supp. 2d 188, 199 (D. Me. 2009). For these reasons, the Court GRANTS BANA's motion as to Count IV and dismisses the intentional misrepresentation count against BANA, and GRANTS Defendants' motions as to Count V and dismisses the fraudulent concealment count against both Defendants.

### D. Count VI: Maine Unfair Trade Practices Act

Plaintiff alleges in Count VI that both Defendants have "engaged in a pattern of unfair and deceptive acts" in the course of handling the mortgage that violate the Maine Unfair Trade Practices Act, 5 M.R.S.A. §§ 205-A-214. (Compl. ¶ 113.) The Act generally prohibits "unfair or deceptive practices in the conduct of any trade or commerce." 5 M.R.S.A. § 207. Maine law exempts any "financial institution authorized to do business in this State" from the Act. 9-B M.R.S.A. § 244. The term "financial institution authorized to do business in this State" is defined to include any "[c]ommercial bank, savings bank, savings and loan association or similar institution that is organized under provisions of federal law or laws of another state and maintains a branch in" Maine. 9-B M.R.S.A. § 131(17-A)(D). "Branch" is defined as "any office of a financial institution . . . where the business of banking is conducted other than the institution's main office." Id. § 131(3). Plaintiff alleges that BANA "is a wholly owned subsidiary of Bank of America Corporation, a corporation organized and registered under the laws of the State of North Carolina." (Compl. ¶ 4.)

Plaintiff does not have an obligation to plead that BANA is *not* an exempt financial institution, see Cota v. U.S. Bank Nat'l Ass'n, No. 2:15-CV-486-GZS, 2016 WL 922784, at *10-11 (D. Me. Mar. 10, 2016), and Plaintiff has not conceded that BANA is exempt from the UTPA. Nonetheless, Plaintiff has pleaded that BANA is a bank organized under the laws of another state and the Court takes judicial notice of the fact that it maintains a branch in Maine. See Fed. R. Evid. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007) (when ruling on a 12(b)(6) motion, courts may consider "matters of which a court may take judicial notice"). For this reason, the Court GRANT's Defendant BANA's motion as to Count VI and dismisses the UTPA charge against BANA.

### E. Count VII: Unjust Enrichment

Plaintiff alleges in Count VII that Defendants have charged and collected excessive and improper fees from Plaintiff, including fees "that are not authorized in the original loan documents." (Compl. ¶¶ 122-25.) Under Maine law, the elements of an unjust enrichment claim are: (1) a benefit conferred upon the defendant by the plaintiff; (2) an appreciation or knowledge by the defendant of the benefit; and (3) the acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without payment of its value. Aladdin Elec. Assocs. v. Town of Old Orchard Beach, 645 A.2d 1142, 1144 (Me. 1994). "[U]njust enrichment describes recovery for the value of the benefit retained when there is no contractual relationship," and "[t]he existence of a contractual relationship [] precludes

recovery on a theory of unjust enrichment." Nadeau v. Pitman, 731 A.2d 863, 867 (Me. 1999) (internal quotations omitted).

Here, Plaintiff has pleaded the existence of a mortgage contract governing the financial relationship between Plaintiff and Defendants. In fact, Plaintiff has specifically based his breach of contract claim on the assertion that the mortgage agreement "represents a contract between the parties to perform certain legally binding obligations." (Compl. ¶ 36.) In light of this contractual relationship between the parties, and the fact that any improper benefit conferred upon the Defendants in the form of improper charges or fees would be related to the underlying contract, Plaintiff's unjust enrichment claim fails. For this reason, the Court GRANTS Defendants' motions as to Count VII and dismisses the unjust enrichment claim against both Defendants.

    **F.**    **Count VIII: Slander of Title**

Plaintiff alleges in Count VIII that both Defendants committed slander of title. The basis for this claim are Defendants' statements asserting that Plaintiff is in default on the mortgage; that the mortgage assignments were valid; and that Defendants have the authority to foreclose Plaintiff's property, collect payments, or assess fees against him. (See Compl. ¶¶ 136-45.) Under Maine law, the elements of a slander of title claim are: (1) publication of a slanderous statement disparaging plaintiff's title; (2) the statement was false; (3) the statement was made with malice or reckless disregard of its falsity; and (4) the statement caused actual or special damages. Colquhoun v. Webber, 684 A.2d 405, 409 (Me. 1996).

Plaintiff's slander of title claim fails for two major reasons. First, to the extent he is relying on any documents filed by BANA in the 2013 foreclosure action, it is well established in Maine that a slander of title claim cannot be based upon filings in a judicial proceeding, provided that the filings are necessary and pertinent to the proceeding. Raymond v. Lyden, 728 A.2d 124, 126 (Me.

11

1999); see OfficeMax Inc. v. Sousa, 773 F. Supp. 2d 190, 237 (D. Me. 2011). Second, even assuming that Defendants did otherwise "publish" false statements about their authority pursuant to the mortgage assignments or about the state of Plaintiff's title, Plaintiff has not pleaded any facts to support that these statements were made with malice or reckless disregard.[7] For these reasons, the Court GRANTS Defendants' motions as to Count VIII and dismisses the slander of title claim against both Defendants.

### IV. CONCLUSION

For the reasons just stated, Defendants' motions (ECF Nos. 23 and 24) are GRANTED. All counts against BANA and Counts III, V, VII, and VIII against Bayview shall be dismissed for failure to state a claim. The case shall proceed as to Counts I, II, IV, and VI as to Bayview only.

SO ORDERED.

                                                        /s/ George Z. Singal
                                                       United States District Judge

Dated this 21st day of September, 2016.

---

[7] It is not necessary for the Court to determine exactly how the Maine Supreme Judicial Court's decision in Bank of Am., N.A. v. Greenleaf, 96 A.3d 700 (Me. 2014) controls the relationship between the parties or to determine the correct interpretation of 33 M.R.S.A. § 508.